UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STANLEY LONGO, an individual

    Plaintiff,

v.                                              Case No: 2:14-cv-334-FtM-38CM

SEMINOLE INDIAN CASINO-IMMOKALEE,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Defendant Seminole Indian Casino - Immokalee's Motion to Dismiss (Doc. #24) filed on March 2, 2015. Plaintiff filed a Response in Opposition on March 16, 2015 (Doc. #25), to which Defendant filed a Reply (Doc. #28). Thereafter, Plaintiff filed a Surreply on April 13, 2015. (Doc. #29). The matter is ripe for review.

## Background

Plaintiff Stanley Longo is a former employee of Defendant. (Doc. #1 at 1). Defendant Seminole Indian Casino – Immokalee is a business wholly owned and operated by the Seminole Tribe of Florida ("the Tribe"). (Doc. #1 at 1). In October 2008, Defendant hired Plaintiff to serve as a security guard at its casino. (Doc. #1 at 2). Plaintiff enjoyed success in this position until January 2013, when a patron of the casino started

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to sexually harass, stalk, and physically touch him on a continual basis.  (Doc. #1 at 3). Because these actions created a hostile work environment, Plaintiff sought to remedy this situation by reporting the incidents to Defendant.  But Defendant failed to take any corrective action.  (Doc. #1 at 3).  Instead, Defendant terminated Plaintiff's employment one month later, stating that Plaintiff "was 'discourteous to team members.'"  (Doc. #1 at 3).

Based on these facts, Plaintiff brought the instant action against Defendant, asserting four counts: Violation of Title VII of the Civil Rights Act of 1964 (Count 1); Violation of the Florida Civil Rights Act of 1992 (Count 2); Violation of Title VII of the Civil Rights Act of 1964 (Count 3); and Violation of the Florida Civil Rights Act of 1992 (Count 4). (Doc. #1 at 4-12).  Now, Defendant seeks to dismiss Plaintiff's Complaint.  (Doc. #24).

**Legal Standard**

Tribal sovereign immunity concerns the Court's subject matter jurisdiction to hear an action.  *See Taylor v. Alabama Intertribal Council, Title IV J.T.P.A.*, 261 F.3d 1032, 1034 (11th Cir. 2001); *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 140 L.Ed.2d 981 (1998).  Dismissal on tribal immunity grounds may be raised in a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1).  *Holt v. United States,* 46 F.3d 1000, 1002-03 (10th Cir. 1995).  Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms: facial attacks and factual attacks.  "A 'facial attack' on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (internal quotation marks and

citation omitted). In contrast, "a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008). During a factual attack, the defendant challenges the accuracy of the allegations, not their sufficiency. *Norkunas v. Seahorse NB, LLC*, 720 F.Supp.2d 1313, 1314 (M.D. Fla. 2010), *aff'd*, 444 F.App'x 412 (11th Cir. 2011).

Here, Defendant has raised a factual attack on this Court's subject matter jurisdiction because its Motion to Dismiss is accompanied by attached exhibits. When evaluating a factual attack, the trial court is free to weigh the evidence in support of the jurisdictional claim even when material issues of fact exist. *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 (11th Cir. 2004). A court also has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302-03 (10th Cir. 2001). In these circumstances, a court's reference to evidence outside of the pleadings does not convert the motion into a Rule 56 motion.

## Discussion

Defendant argues that tribal immunity divests the Court of subject matter jurisdiction because the Seminole Tribe of Florida is a federally recognized tribe immune from Plaintiff's statutory claims under Title VII and the Florida Civil Rights Act of 1992. (Doc. #24 at 6-16). In response, Plaintiff contends that this Court, the Eleventh Circuit Court of Appeals, and the Florida Supreme Court have "rotely" accepted this improper argument, and that this Court should go against clear precedent to find that Defendant is

not a federally recognized tribe entitled to immunity. (Doc. #25 at 2-20). The Court finds Defendant's argument persuasive, and therefore declines to pioneer Plaintiff's contention.

In addressing an identical scenario, the Eleventh Circuit, *albeit* in an unpublished opinion, recently adopted and affirmed Defendant's exact argument. See *Mastro v. Seminole Tribe of Florida*, 578 F.App'x 801 (11th Cir. 2014). In *Mastro*, the plaintiff, an employee of the exact casino at issue in this action, sued the Seminole Tribe of Florida ("the Tribe"), alleging violations of the Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act. *Id.* at 802. At the trial level, this Court dismissed the plaintiff's action, holding that sovereign immunity barred the plaintiff's claims against the Tribe and that the Tribe's casino, which is wholly-owned by the Tribe, enjoyed the same. *Id.* On appeal, the plaintiff contended "that [this Court] erred in concluding that the Tribe and [its casino] should be afforded tribal sovereign immunity and hence are not subject to suit under Title VII." *Id.* The Eleventh Circuit rejected this argument, finding that it did "not carry the day." *Id.*

As the Eleventh Circuit explained, it is well established that "an Indian Tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." *Id.* (citing *Kiowa Tribe of Okla.*, 523 U.S. at 754, 118 S.Ct. 1700). And there is no exception from this rule for a Title VII action. *Id.* In fact, "Congress chose to expressly exempt Indian tribes from Title VII's definition of 'employer.'" *Id.* (citing 42 U.S.C. § 2000e(b)'s definition of "employer"). Because of this, the Eleventh Circuit held that "Title VII, by its own terms, does not apply to the Tribe, Congress did not authorize suits against the Tribe under the Act, and [] district court[s] therefore lack[] subject-matter jurisdiction as to the Tribe." *Id.*

4

Remarkably, Plaintiff demands that the Court ignore this clear and dispositive analysis, and hold that the Tribe is not actually a federally recognized tribe. Plaintiff acknowledges that to do so, this Court would have to find not only that its own previous opinion, *Mastro v. Seminole Tribe of Florida*, No. 2:12-cv-411-SPC-38UAM, 2013 WL 3350567, at *1 (M.D. Fla. 2013), was incorrect, but also that the Eleventh Circuit has erred on multiple occasions too, *see Mastro*, 578 F.App'x 801; *Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Florida*, 692 F.3d 1200 (11th Cir. 2012). To support this sizeable request, Plaintiff provides the Court with numerous pages of historical context and argument, explaining how the Tribe, to this date, has failed to achieve federal recognition as an Indian tribe. But this argument is completely without merit. This Court, the Eleventh Circuit, and the Florida Supreme Court "rotely" accept that the Tribe is federally recognized because it is. Unsurprisingly, this has not changed in 2015. A simple search in the Federal Register reveals as much. To be sure, the United States Bureau of Indian Affair's most recent list of "Indian entities . . . acknowledged to have **the immunities and privileges available to federally recognized Indian tribes**" includes the Seminole Tribe of Florida. Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs, 80 FR 1942-02 (2015) (emphasis added).

Having determined that the Tribe is federally recognized, and therefore entitled to the "immunities and privileges" that accompany this recognition, the Court finds that it lacks subject matter jurisdiction over this action. Plaintiff fails to offer any facts that differentiate this action from the Eleventh Circuit's opinion in *Mastro*. Without such facts, the Tribe cannot face an action for Title VII violations when Congress expressly excluded them from Title VII's definition of "employer." See *Taylor v. Ala. Intertribal Council Title*

*IV J.T.P.A.*, 261 F.3d 1032, 1035 (11th Cir. 2001) ("Congress expressly exempts Indian tribes from the definition of employer under Title VII."). And this remains true even though the Tribe operates its Immokalee, Florida, Casino under the fictitious name Seminole Indian Casino – Immokalee. See *Mastro*, 578 F.App'x at 803.

Based on the foregoing, the Court holds that the Seminole Tribe of Florida is a federally recognized Indian tribe that enjoys sovereign immunity from this action.

Accordingly, it is now

**ORDERED:**

1. Defendant Seminole Indian Casino - Immokalee's Motion to Dismiss (Doc. #24) is **GRANTED**.
2. This case is **DISMISSED with prejudice.**
3. The Clerk of the Court is directed to terminate all pending motions and deadlines, and close this case

**DONE** and **ORDERED** in Fort Myers, Florida, this 20th day of May, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record